IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Stefannie Dyson (24980C), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 3325 |
| v. | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| Director Hollis, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons discussed below, the Court grants in part and denies in part Defendants' motion to dismiss for failure to state a claim [25]. Defendant Shultz is dismissed without prejudice. The Clerk of Court is directed to terminate Shultz as a defendant to this lawsuit. All remaining Defendants must answer the operative complaint [7] by August 30, 2024. The Court strikes Plaintiff's supplemental pleadings [38][39] because a plaintiff may not amend her pleading by submitting a "supplement," *see Spreck v. U.S. Veterans Admin.*, 67 F. App'x 963, 965 (7th Cir. 2003) ("the district court was not required to . . . accept the complaint piecemeal"), nor may she amend her pleading without leave of court, *see* Fed. R. Civ. P. 15(a)(2). Plaintiff's "request for briefing" [37] is terminated as moot. An in-person status hearing is set for September 6, 2024, at 9:30 a.m. If Plaintiff has not been released from custody by the status date, counsel for Defendants must arrange for Plaintiff to appear by phone by calling into the Court's conference line at 1-877-336-1829, when prompted, enter access code 5205245 #.

## STATEMENT

This lawsuit, initiated by former Cook County detainee Stefannie Dyson under 42 U.S.C. § 1983, concerns the restrictions placed on her after she was designated an escape risk at the Cook County Jail. Dkt. 7. In her amended complaint, Plaintiff denied any attempt to escape from the jail and alleged that she did not receive a related disciplinary ticket. *Id.* pg. 6. Instead, she alleged, she was designated an escape risk because "of psychiatric patients" making false allegations against her. *Id.*, pg. 5. Plaintiff's status remained unchanged even though other detainees who alleged *had* escaped purportedly were released into the general population. *Id.*, pg. 6.

Because of her security designation, Plaintiff was not housed with the general population; she was confined to "cell setting housing only." *Id.*, pg. 5-6. She allegedly was "on 22 hour per day lockdown"; was held in segregation for several weeks at a time; and was not "allowed all of the unrestricted movement and activities as everyone else," including access to the telephone and microwave, time in the recreation yard, attendance at religious services, and the ability to "work in the hallways." *Id.*, pg. 6-8. She also was housed with "severely mentally ill inmates who scream all night and have frequent hallucinations and attacks[.]" *Id.*, pg. 6.

Plaintiff alleged that Director Hollis, Lieutenant Klimek, Superintendent Boutte, and Director Lucente, were responsible for approving and maintaining the heightened restrictions. Her (sometimes confusing) allegations also suggested that Investigator Shultz played a role in implementing or maintaining the restrictions. *See id.*, pg. 5-7.

The Court screened Plaintiff's amended complaint and found that further investigation was warranted into the restrictions placed on Plaintiff. *See* Dkt. 9, July 26, 2023 Screening Order. The Court explained that, even though detainees do not have a protected liberty interest in a particular security classification, the Fourteenth Amendment can be implicated when the restrictions placed on a detainee impose an atypical and significant hardship as compared to the ordinary incidents of prison life. *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535-536 (1979); *Holly v. Woolfolk*, 415 F.3d 678, 679-680 (7th Cir. 2005)). The Court continued: "any non-trivial restriction placed on a detainee must be "reasonably related to a legitimate penological objective." *Id.* (citing *Bell*, 441 U.S. at 538-39). The Court then found that Plaintiff's allegations suggested the conditions under which she was confined were atypical and unrelated to a legitimate penological objective. The Court therefore allowed the amended complaint to proceed against the individuals allegedly responsible for implementing and maintaining the security designation that caused Plaintiff to be subjected to a prolong period or periods of atypical restrictions, *i.e.*, Defendants Hollis, Klimek, Boutte, Lucente, and Shultz.

Before the Court is Defendants "Motion to Dismiss Plaintiff's First Amended Complaint or In the Alternative for a More Definite Statement." Dkt. 25. Defendants raise several arguments in their motion, but the arguments can be categorized as: (1) an assertion that the alleged facts are insufficient to establish a claim against any of the Defendants, *see id.*, pg. 2-11; and (2) a challenge to any claims stemming from Plaintiff's invocation of the terms "conspiracy," "official capacity" or "*Monell*," *id.*, pg. 7, 10-12, as well as her request for "punitive damages" against Defendants in the "official capacities." *id.*, pg. 13. Alternatively, Defendants request a more definite statement of the alleged claims. *Id.*, pg. 14.

Defendants' arguments about whether facts support a claim against them represents merely their disagreement with the July 26, 2023 screening order. The Court screened the complaint under the standard applied to motions to dismiss *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (explaining that courts screen inmates' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)). That said, the Court reviewed the amended complaint anew in light of Defendants' arguments and agrees that the conduct attributed to Investigator Schultz—*i.e.*, "Schultz . . . issued a KSF (keep separate from) against" Plaintiff, Dkt. 7, pg. 5—is not enough to plausibly suggest that Schultz was responsible for implementing or maintaining the alleged restrictions. The allegations, however, adequately attribute responsibility for the restrictions to Hollis, Klimek, Boutte, and Lucente. *Id.*, pg. 5-7. The Court therefore grants Defendants' motion as to Schultz only.

Defendants' remaining arguments concern matters that require clarification. When the Court allowed the amended complaint to proceed, it did not specify that Plaintiff's claims would proceed against the Defendants in their individual capacities only. *See* Dkt 9. The amended

2

complaint, however, contains no facts supporting official capacity claims. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 330 (7th Cir. 2011) ("[A]n official capacity suit is another way of pleading an action against an etntity of which the officer is an agent.").

As the Court previously explained, Plaintiff's classification as an escape risk is not enough to trigger constitutional concerns. *See* Dkt. 9, pg. 2. It is the purported maintenance of atypical and unjustified restrictions that causes concern. *Id.* Here, the allegations of the amended complaint suggest that Plaintiff was designated an escape risk and subjected to atypical restrictions based on little more than rumors. She identified Defendants Hollis, Klimek, Boutte, and Lucente as the individuals responsible for implementing and maintaining the restrictions. Allegations of this type support only individual capacity claims against the officials responsible for the restrictions. The allegations do not suggest that the jail policy of designating a detainee an escape risk violates the Constitution; it is only atypical restrictions *without a legitimate penological objective* that cause constitutional concerns. *See id.* Consequently, any official capacity or *Monell* claims, including a claim for punitive damages against Defendants in their official capacity, are dismissed without prejudice.

Plaintiff also alleged no facts supporting a conclusion that Defendants "conspired" to maintain the alleged restrictions, and her mere invocation of the word "conspiracy" is not enough to state a claim. *See, e.g., Webb v. Local 73, Serv. Employees Int'l Union, AFL-CIO,* No. 02 C 3279, 2002 WL 31049841, at *5 (N.D. Ill. Sept. 13, 2002) (explaining that a conspiracy under section 1983 must be supported by more than conclusory allegations). Any conspiracy claims are dismissed without prejudice.

Accordingly, Defendants' motion to dismiss is granted in part and denied in part. The amended complaint will proceed against Defendants Hollis, Klimek, Boutte, and Lucente in their individual capacities only. The scope of this lawsuit is limited to claims under the Fourteenth Amendment stemming from the purportedly prolonged and atypical restrictions placed on Plaintiff as a result of being designated an escape risk. *See* Dkt. 9. All other claims and defendants are dismissed.

Date: 7/24/2024 /s/Sharon Johnson Coleman
Sharon Johnson Coleman
United States District Judge